

**FILED**

AUG 1 1 2014

Clerk, U.S. District Court
District Of Montana
Helena

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 06-020-GF-SEH |
| | CV 07-103-GF-SEH |
| Plaintiff/Respondent, | |
| | |
| vs. | ORDER DISMISSING MOTION AND |
| | DENYING CERTIFICATE OF |
| LESLIE DEAN GOSS, | APPEALABILITY |
| | |
| Defendant/Movant. | |

On August 7, 2014, Defendant/Movant Leslie Dean Goss, a federal prisoner

proceeding pro se, moved under Fed. R. Civ. P. 60(b)(6) to set aside the order of

July 28, 2008, denying his motion to vacate, set aside, or correct sentence under 28

U.S.C. § 2255 and denying a certificate of appealability. Order (Doc. 133). The

Court of Appeals has since twice denied a certificate of appealability. Order at 1,

*United States v. Goss*, No. 08-35868 (9th Cir. Dec. 7, 2009) (Doc. 157); Order at 1,

*United States v. Goss*, No. 08-35839 (9th Cir. June 1, 2010) (Doc. 158).[1]

---

[1] It appears the appellate court did not realize it had opened two appeals.

Goss advances two new claims for relief: that he is actually innocent, and that counsel was ineffective because he failed to produce to Goss the evidence of his actual innocence until after trial had concluded. *See* Rule 60 Mot. (Doc. 160) at 1, 2. Although Goss invokes Fed. R. Civ. P. 60(b)(6), the motion is plainly a second motion for relief against the criminal judgment under 28 U.S.C. § 2255. *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005); 28 U.S.C. §§ 2255(h), 2244(b). Absent the Court of Appeals' authorization to proceed with a second motion under § 2255, which he has not obtained, this Court lacks jurisdiction to hear the new claims. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

A certificate of appealability is not warranted. There is no doubt about either the nature of the new claims or this Court's lack of jurisdiction to hear them. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Moreover, the evidence Goss adduces to support his claim of "actual innocence" was given to him on or about May 10, 2006, well over a year before he filed his first § 2255 motion. *See* Letter from Counsel at 1 (Doc. 160-1 at 2). It is not newly discovered. Nor does it come anywhere close to proving by a preponderance of the evidence that no reasonable juror would have found Goss guilty. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Goss's motion under Fed. R. Civ. P. 60(b)(6) (Doc. 160) is

2

RECHARACTERIZED as a second motion under 28 U.S.C. § 2255 motion and

DISMISSED for lack of jurisdiction.

2. A certificate of appealability is DENIED. The Clerk of Court shall

immediately process the appeal if Goss files a Notice of Appeal.

DATED this __11th__ day of August, 2014.

Sam E. Haddon
United States District Court